Guillermo TAPIA, Jr., Plaintiff,

v.

MICHAELS STORES, INC., Individually and d/b/a/ Michaels, Michaels the Arts and Crafts Store, Michaels Arts & Crafts, Defendant.

No. EP–07–CA–190–DB.

United States District Court,
W.D. Texas,
El Paso Division.

April 10, 2008.

Brett Allen Duke, Brett Duke, P.C., El Paso, TX, for Plaintiff.

Michael J. Deponte, Ogletree, Deakins, Nash, Smoak & Stewart, Dallas, TX.

### MEMORANDUM OPINION
### AND ORDER

DAVID BRIONES, District Judge.

On this day, the Court considered Defendant Michaels Stores, Inc.'s "Motion For Summary Judgment And Brief In Support," filed on November 30, 2007. On December 11, 2007, Plaintiff Guillermo Tapia, Jr. filed a Response, to which Defendant filed a Reply on December 26, 2007. After due consideration, the Court is of the opinion that Defendant's Motion for Summary Judgment should be denied for the reasons set forth below.

#### BACKGROUND

This case stems from the invocation and exercise of Plaintiff's rights under the Family Medical Leave Act ("FMLA"). In March 2002, Plaintiff was hired as a Front End Supervisor in Defendant's El Paso, Texas store ("El Paso location"). Soon thereafter, Defendant promoted Plaintiff to the position of Assistant Store Manager, and in July 2003, Plaintiff was promoted to the position of Store Manager at Defendant's Odessa, Texas store ("Odessa location"). In November 2005, Defendant transferred Plaintiff back to El Paso to serve as the El Paso location Store Manager.

While employed with Defendant, Plaintiff was evaluated on three separate occasions. Defendant first evaluated Plaintiff's performance in 2002 while Plaintiff was the Assistant Store Manager; Plaintiff scored eighty-three (83) out of a possible one hundred (100) points, achieving a performance rating of "exceeds expectations." Following his promotion to Store Manager

in 2002, Plaintiff was again evaluated. He scored a seventy-two (72) out of a possible one hundred (100) points, achieving a performance rating of "meets expectations." Defendant evaluated Plaintiff a third time in 2004. Plaintiff scored an additional eight (8) points on his performance evaluation, topping out the "meets expectations" category with a total score of eighty (80) out of one hundred (100) points. In fact, Plaintiff's Supervisor, District Manager Suzan Fleshman, noted that Plaintiff "led the comeback year in Odessa." As a result of Plaintiff's performance, Plaintiff earned a $12,240 bonus in 2004.

Upon his return to the El Paso location, Plaintiff was assigned to a new District Manager, David Taylor ("Taylor"). Taylor regularly inspected the El Paso location and met with Plaintiff to discuss Taylor's findings. On March 10, 2006, Taylor completed a Manager Performance Discussion Record ("PDR"), noting unacceptable store conditions and practices.[1] Taylor indicated on the PDR that Plaintiff had not instituted company best practices, and checked the box noting that "failure to improve ... may result in further disciplinary action up to and including termination." Plaintiff refused to sign the PDR. On March 22, 2006, Taylor again inspected the store, finding that most of the issues addressed in the March 10 PDR were still unresolved. On March 23, 2006, Taylor completed a second PDR, indicating it was a final warning, and again checked the box which warned of further disciplinary action. Taylor discussed the second PDR with Plaintiff on March 30, 2006. Plaintiff signed the second PDR. Taylor scheduled a follow-up to the second PDR with Plaintiff on April 5, 2006.

On April 1, 2006, Plaintiff's doctor, Genevieve Belgrave ("Dr. Belgrave"), diag-

---

1. PDRs are not formal evaluations such as Plaintiff received three times as an Assistant Store Manager and a Store Manager. Rather, a PDR is a form of discipline.

nosed Plaintiff with obstructive sleep apnea. As a result of Plaintiff's medical condition, Plaintiff required treatment on a daily basis with supervision and periodic reassessment. Plaintiff first notified Defendant of his need to take FMLA leave on April 7, 2006. On April 13, 2006, Plaintiff submitted an FMLA Absence Request Form to Defendant, attaching a Certification of Health Care Provider completed by Dr. Belgrave. Dr. Belgrave confirmed Plaintiff's need for FMLA leave, but noted that Plaintiff could return to work on April 24, 2006. As a result, Plaintiff requested that his leave retroactively begin on April 3, 2006, with an anticipated return date of April 24, 2006. Defendant granted Plaintiff's FMLA leave on April 18, 2006. While on leave, Dr. Belgrave referred Plaintiff to Dr. Garcia of El Paso Nose and Throat who subsequently determined that Plaintiff's leave should be extended the full twelve (12) weeks.[2] As a result, Plaintiff's FMLA leave was extended until June 26, 2006, at which time Plaintiff was required to return to work.

While Plaintiff was out on leave, Taylor further reviewed the El Paso location. Upon inspection, Taylor designated the El Paso location as "broken," and instituted a Broken Store Plan—a detailed correction plan.[3] Prior to June 26, 2006, Plaintiff telephoned Taylor and informed him that he would be returning to work upon expiration of his FMLA leave. Taylor informed Plaintiff that he would not be in El Paso until June 28, 2006, and instructed Plaintiff to take two (2) extra days off. Rather than meet Plaintiff at the El Paso location, Taylor further instructed Plaintiff to meet him at Cheddar's Restaurant. Shortly after meeting Plaintiff at Cheddar's Restaurant on June 28, 2006, Taylor informed Plaintiff that Defendant's operations management were reorganizing the company. As a result, Taylor told Plaintiff that he was no longer a fit for the company, and terminated Plaintiff's employment.

On April 19, 2007, Plaintiff filed his Original Petition in the County Court at Law Number 3 of El Paso County, Texas. Therein, Plaintiff alleged that Defendant interfered with the exercise of Plaintiff's FMLA rights—a violation of 29 U.S.C. § 2615(a). Plaintiff seeks past and future lost wages, salary, employment benefits, and other compensation. On June 1, 2007, Defendant removed the case to federal court.[4] The instant Motion followed.

## STANDARD

Summary judgment should be granted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that requires a fact finder to resolve the truth of the matter, rather than one that is conclusively established. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is inappropriate where a material fact is "genuine" in that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248,

**2.** The record does not disclose Dr. Garcia's first name, but indicates that Dr. Garcia is an ear, nose, and throat specialist employed at the El Paso Nose and Throat medical clinic.

**3.** A store is designated as "broken" when three (3) of five (5) categories is found deficient. Those categories include: (1) sales objectives, (2) classroom income, (3) floral department performance, (4) framing department performances, and (5) inventory/stock requirements.

**4.** Defendant removed Plaintiff's case, contending that it was premised on a federal question over which the Court exercises original jurisdiction, pursuant to 28 U.S.C. § 1331.

106 S.Ct. 2505. Thus, the Court considers all the evidence in the record, but makes no determination as to credibility of the evidence. *See id.* Further, the Court views factual questions and inferences in a light most favorable to the nonmovant. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002).

The moving party bears the initial burden of identifying those portions of the pleadings, the discovery, and the disclosure materials on file which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995). If the movant meets this burden, however, the nonmovant must designate specific facts showing that a genuine issue for trial exists. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant discharges this burden by alleging more than mere legal conclusions drawn from the pleadings. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (stating the nonmovant may not successfully oppose summary judgment by merely citing the pleadings). Instead, the nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505. If the nonmovant fails to make a sufficient showing on an essential element of his case, the movant is entitled to summary judgment, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

## DISCUSSION

In the instant Motion, Defendant argues that it is entitled to summary judgment on Plaintiff's FMLA retaliation claim. Specifically, Defendant argues that Plaintiff cannot establish any causal connection between his leave and his discharge. Further, Defendant contends that it has a legitimate, nondiscriminatory reason for Plaintiff's discharge—performance issues at the El Paso location—that Plaintiff cannot show was mere pretext for retaliation. In his Response, Plaintiff counters that temporal proximity alone establishes his prima facie case of retaliation. Further, Plaintiff contends that his past performance with the company demonstrates that problems at the El Paso location were mere pretext for Defendant's act of discharging Plaintiff upon expiration of his FMLA leave. The Court finds Plaintiff has carried his burden and produced sufficient evidence to carry the issue of retaliation to a jury.

FMLA provides for twelve (12) workweeks of leave to an eligible employee during any twelve (12) month period so long as that employee experiences one (1) of four (4) possible life events entitling him to such leave. 29 U.S.C.A. § 2612(a)(1) (West 1999). Among the four (4) reasons for taking leave, an eligible employee can claim FMLA leave "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.A. § 2612(a)(1)(D). FMLA further provides that employees taking leave shall be entitled to return to their previously-held position or to an equivalent position upon completion of their leave. 29 U.S.C.A. § 2614 (West 1999).

■ In addition to the creation of employee rights, FMLA also prohibits employers from interfering in the exercise of those rights. Specifically, FMLA makes it unlawful for an employer to interfere with an eligible employee's prescriptive or pro-

scriptive rights.[5] *See* 29 U.S.C.A. § 2615(a) (West 1999). FMLA prescriptive rights require employers to "honor entitlements" under FMLA, such as the right to return to employment at the conclusion of FMLA leave. *Mauder v. Metro. Transit Auth. of Harris County*, 446 F.3d 574, 580 (5th Cir.2006). FMLA proscriptive rights "[protect] employees from retaliation or discrimination for exercising their rights under the FMLA." *Id.*

■ In evaluating claims of proscriptive rights violations, courts employ the *McDonnell Douglas Corp. v. Green* burden-shifting framework "to determine whether an employer discharged an employee in retaliation for participating in FMLA-protected activities." *Richardson v. Monitronics Int'l*, 434 F.3d 327, 332 (5th Cir.2005). Under *McDonnell Douglas*, the Plaintiff bears the initial burden of establishing a prima facie case of retaliation. *See* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the Plaintiff successfully meets this burden, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for his employment decision. *Id.* The Defendant's burden is one of production only, however, and the ultimate burden of persuasion remains with the Plaintiff at all times. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the Defendant proffers a legitimate, nondiscriminatory reason for his employment decision, the Plaintiff receives an opportunity to demonstrate that the given reason is pretext for retaliation. *See McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817.

## I. Prima Facie Case

■ First, the Court determines whether the Plaintiff has established a prima facie case of retaliation. To prove a prima facie case of FMLA retaliation, the Plaintiff must establish that: (1) he engaged in a protected FMLA activity, (2) the employer discharged him, and (3) a causal link exists between the protected activity and the discharge. *Richardson*, 434 F.3d at 332. Further, "when evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the FMLA leave, and the termination." *Mauder*, 446 F.3d at 583. Courts that have accepted mere temporal proximity as sufficient evidence of the causality element "uniformly hold that the temporal proximity must be 'very close.' " *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). However, "[t]he plaintiff only needs to show that the protected activity and the adverse employment action were not completely unrelated." *Hardtke v. Hartford*, No. SA–04–CA–1006 NN, 2006 WL 2924942, at *6 (W.D.Tex. Oct. 10, 2006). Finally, while Plaintiff bears the initial burden, it is not

---

5. As noted by Plaintiff in his Response, Defendant's Motion for Summary Judgment solely addresses the proscriptive FMLA rights and wholly fails to address the prescriptive, substantive FMLA rights. Defendant attempts to address this oversight in its Reply, arguing that "in his sole 'Count' to his Petition filed in state court, Plaintiff alleges Michaels *'Discriminated'* against the Plaintiff under 29 U.S.C. § 2615(a)." This assertion misstates Plaintiff's state court Petition in which Plaintiff specifically identified the two separate FMLA rights, arguing that both had been violated in the instant cause, and further fails to recognize that 29 U.S.C. § 2615(a) encompasses both sections 2615(a)(1) and 2615(a)(2) which address both sets of rights. *See* 29 U.S.C.A. § 2615(a). Thus, the Court finds that Defendant failed to address Plaintiff's first argument—that Plaintiff's prescriptive rights were violated in that he was not restored to his position upon completion of his FMLA leave—and that, therefore, Plaintiff may proceed to trial on this claim.

an onerous one. *Burdine,* 450 U.S. at 254, 101 S.Ct. 1089.

■ Here, Plaintiff and Defendant agree that Plaintiff met the first and second elements of a FMLA retaliation prima facie case. First, Plaintiff requested and was granted leave pursuant to the FMLA, thereby engaging in a protected FMLA activity. Second, Defendant discharged Plaintiff following the exercise of Plaintiff's FMLA rights. As to the third element, however, Plaintiff and Defendant contest Plaintiff's ability to establish a causal link between his protected activity and his discharge. Nevertheless, establishing a causal link is not an onerous burden. *See id.* In the instant case, a mere two (2) days elapsed between the termination of Plaintiff's FMLA leave and his discharge. Further, Defendant instructed Plaintiff to take those additional two (2) days such that Plaintiff was not allowed to return to work before his discharge. A two (2) day lapse between the expiration of Plaintiff's FMLA leave and his discharge is very close such that this lapse suffices to show that Plaintiff's exercise of his FMLA rights and his discharge were not wholly unrelated.[6] *See Hardtke,* 2006 WL 2924942, at *6. Thus, the Court is of the opinion that Plaintiff has satisfied his initial burden and that the burden now shifts to Defendant to establish a legitimate, nondiscriminatory reason for Plaintiff's discharge.

### II. Legitimate, Nondiscriminatory Reason

The Court now turns to the Defendant's proffered reason for discharging Plaintiff upon expiration of his FMLA leave. Once established by the Plaintiff, a prima facie case of discrimination raises a presumption of discrimination, which the Defendant must rebut by articulating a legitimate, nondiscriminatory reason for its action. *Burdine,* 450 U.S. at 255, 101 S.Ct. 1089. The Defendant's burden, however, is one of production only, merely requiring the Defendant to set forth, through admissible evidence, "reasons for its actions which, *if believed by the trier of fact,* would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (emphasis in original).

■ Here, Defendant proffers that it discharged Plaintiff based on Plaintiff s performance at the El Paso location, and, further, that Defendant planned to discharge Plaintiff before his FMLA leave began. The March 10 and March 22 PDRs indicate that Plaintiff's performance at the El Paso location failed to meet Defendant's expectations. Defendant informed Plaintiff that his March 22 PDR was a final warning, and Plaintiff knew that he faced possible termination if his performance as the El Paso location Store Manager did not improve. Defendant even designated the El Paso location as a "broken" store while Plaintiff was out on FMLA leave. Thus, the Court is of the opinion that Defendant has met its burden and proffered a legitimate, nondiscriminatory reason for discharging Plaintiff, and that, therefore, the burden shifts back to Plaintiff to prove that Defendant's reason is pretext for retaliation.

### III. Pretext

Having determined that Defendant proffered a legitimate, nondiscriminatory reason for Plaintiff's discharge, Plaintiff's prima facie case is rebutted, shifting the burden back to Plaintiff. *Burdine,* 450

---

6. Defendant required Plaintiff to take an additional two (2) days off, suggesting that Plaintiff would have been discharged the very day his FMLA leave expired had Defendant not instructed Plaintiff to extend his leave.

U.S. at 255, 101 S.Ct. 1089. To overcome Defendant's Motion for Summary Judgment, Plaintiff must "offer sufficient evidence to create a genuine issue of fact that ... [D]efendant's stated reason was a pretext for discrimination." *Hardtke*, 2006 WL 2924942, at *8.

■ Here, Plaintiff worked for Defendant since 2002. During Plaintiff's tenure, he was an exemplary Assistant Store Manager, and although his performance as a Store Manager initially lagged, he improved to the degree that he earned a significant financial bonus for 2004. Further, while Defendant cites Plaintiff's poor performance at the El Paso location as its reason for discharging Plaintiff, purported issues with Plaintiff's performance began in late February 2006, with Plaintiff receiving, for the first time, two (2) PDRs in mid to late March 2006. While Taylor set a follow-up date to discuss the second PDR with Plaintiff on April 5, 2006, Plaintiff had retroactively begun FMLA leave by April 3, 2006. Hence, after working nearly four (4) years for Defendant, Plaintiff's performance was only found substandard one (1) month prior to Plaintiff's actual discharge, which immediately followed his FMLA leave.[7] Finally, Defendant's proffered reason for discharging Plaintiff had nothing to do with Plaintiff's performance at the El Paso location. Rather, Taylor informed Plaintiff that Defendant was reorganizing and that Plaintiff no longer fit within the company. In short, Plaintiff proffered sufficient evidence to raise fact questions regarding Defendant's purported reason for Plaintiff's discharge: (1) whether Plaintiff's poor work performance truly motivated his discharge, and (2) whether Defendant truly planned to discharge Plaintiff prior to his FMLA leave. Thus, the Court finds that Plaintiff met his burden and produced sufficient evidence to carry the question of pretext to a jury. Therefore, the Court finds that Defendant's Motion for Summary Judgment should be denied.

### CONCLUSION

For the reasons stated above, the Court finds there is a genuine issue of material fact as to Plaintiff's FMLA retaliation claim against Defendant. Plaintiff established a prima facie case of FMLA retaliation. While Defendant produced a legitimate, nondiscriminatory reason for discharging Plaintiff following the expiration of his FMLA leave, Plaintiff produced competent summary judgment evidence suggesting that Defendant's legitimate, nondiscriminatory reason for Plaintiff's discharge is pretext for retaliation. Therefore, the Court finds that Defendant Michaels Stores, Inc. is not entitled to judgment as a matter of law on Plaintiff's claim, and that the instant Motion should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Michaels Stores, Inc.'s "Motion For Summary Judgment And Brief In Support" is **DENIED**.

---

7. Defendant points to the El Paso location's designation as a "broken" store as further evidence of Plaintiff's poor performance. Nevertheless, Plaintiff was already on FMLA leave when the El Paso location was designated as "broken."